1
I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
2
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE
3
TO:          DATE:     DEPUTY CLERK:
4
Plaintiff w/form on 7-28-14 by TS



FILED
CLERK, U.S. DISTRICT COURT

July 28, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY:        TS        DEPUTY

5

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11   JOSEPH MACHUL,                    ) Case No. CV 14-05214-SVW (DFM)
                                       )
12              Plaintiff,             )
                                       ) MEMORANDUM AND ORDER
13              v.                     ) DISMISSING COMPLAINT WITH
                                       ) LEAVE TO AMEND
14   PHILIP L. BROWNING et al.,        )
                                       )
15              Defendants.            )
                                       )
16                                     )

17

18        On July 3, 2014, Plaintiff lodged a pro se civil rights complaint together

19   with a request to proceed in forma pauperis. Dkt. 1. On July 7, 2014, the Court

20   granted Plaintiff's in forma pauperis request. Dkt. 2. Plaintiff's complaint was

21   accordingly filed on the same date. Dkt. 3 ("Complaint"). The Complaint

22   names Philip L. Browning, Charles Tadlock, Tedji Dessalegn, Vivian Pham,

23   the County of Los Angeles ("County"), the Los Angeles Department of

24   Children and Family Services ("DCFS"), the Superior Court of California for

25   the County of Los Angeles, and Does 1 through 5 as Defendants.

26        In accordance with 28 U.S.C. § 1915(e)(2), the Court has screened

27   Plaintiff's Complaint before ordering service for purposes of determining

28   whether the action is frivolous or malicious; or fails to state a claim on which

1  relief might be granted; or seeks monetary relief against a defendant who is
2  immune from such relief.

3      The Court's screening of the Complaint under the foregoing statute is
4  governed by the following standards. A complaint may be dismissed as a
5  matter of law for failure to state a claim for two reasons: (1) lack of a
6  cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.
7  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In
8  determining whether the complaint states a claim on which relief may be
9  granted, its allegations of material fact must be taken as true and construed in
10  the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242,
11  1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court
12  must construe the allegations of the complaint liberally and must afford
13  Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police
14  Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading
15  standard . . . applies only to a plaintiff's factual allegations." Neitzke v.
16  Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil
17  rights complaint may not supply essential elements of the claim that were not
18  initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th
19  Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
20  Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has
21  held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to
22  relief' requires more than labels and conclusions, and a formulaic recitation of
23  the elements of a cause of action will not do. . . . Factual allegations must be
24  enough to raise a right to relief above the speculative level . . . on the
25  assumption that all the allegations in the complaint are true (even if doubtful in
26  fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
27  citations omitted; alteration in original); see also Ashcroft v. Iqbal, 556 U.S.
28  662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to

1   state a claim, "a complaint must contain sufficient factual matter, accepted as
2   true, to 'state a claim to relief that is plausible on its face.' A claim has facial
3   plausibility when the plaintiff pleads factual content that allows the court to
4   draw the reasonable inference that the defendant is liable for the misconduct
5   alleged." (internal citation omitted)).

6          After careful review and consideration of the Complaint under the
7   foregoing standards, the Court finds that it suffers from the pleading
8   deficiencies discussed below. Accordingly, the Complaint is dismissed with
9   leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)
10  (holding that a pro se litigant must be given leave to amend his complaint
11  unless it is absolutely clear that the deficiencies of the complaint cannot be
12  cured by amendment).

13  **A.    Younger Abstention and the _Rooker-Feldman_ Doctrine**
14          It appears from the face of the Complaint that Plaintiff is challenging
15  decisions being made or that have been made in state juvenile dependency
16  court proceedings. See, e.g., Complaint ¶¶ 6-7, 11-17. In either circumstance,
17  Plaitniff's claims are defective and accordingly subject to dismissal.
18          In Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457
19  U.S. 423 (1982), the U.S. Supreme Court articulated a three-prong test for
20  determining when a federal court must abstain from hearing a suit under
21  Younger v. Harris, 401 U.S. 37 (1971). A federal court must abstain from
22  hearing a suit if deciding the merits of the suit would interfere with a state
23  proceeding that: (1) is ongoing, (2) implicates important state interests, and (3)
24  provides an adequate opportunity to raise federal questions. Middlesex, 457
25  U.S. at 432; see also Mission Oaks Mobile Home Park v. City of Hollister, 989
26  F.2d 359, 360 (9th Cir. 1993). If the state juvenile dependency court
27  proceedings at issue here are ongoing, then it appears that all three criteria for
28  Younger abstention are met.

3

1    If the state court proceedings are concluded, then this Court
2    is precluded from exercising jurisdiction by the <u>Rooker</u>-<u>Feldman</u> doctrine,
3    which provides that federal district courts may exercise only original
4    jurisdiction; they may not exercise appellate jurisdiction over state court
5    decisions. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S.
6    462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923);
7    <u>see also</u> <u>Bennett v. Yoshina</u>, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended).
8    Review of state court decisions may be conducted only by the United States
9    Supreme Court. <u>Feldman</u>, 460 U.S. at 476, 486; <u>Rooker</u>, 263 U.S. at 416; <u>see</u>
10   <u>also</u> 28 U.S.C. § 1257. <u>Rooker</u>-<u>Feldman</u> bars "cases brought by state-court
11   losers complaining of injuries caused by state-court judgments rendered before
12   the district court proceedings commenced and inviting district court review
13   and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus.</u>
14   <u>Corp.</u>, 544 U.S. 280, 284 (2005).

15   **B.    Failure to State a Claim Against the County and DCFS**

16   A local government entity such as the County or DCFS "may not be
17   sued under § 1983 for an injury inflicted solely by its employees or agents.
18   Instead, it is only when execution of a government's policy or custom, whether
19   made by its lawmakers or by those whose edicts or acts may fairly be said to
20   represent official policy, inflicts the injury that the government as an entity is
21   responsible under § 1983." <u>Monell v. Dep't of Social Servs. of City of N.Y.</u>,
22   436 U.S. 658, 694 (1978). Thus, the County or DCFS may not be held liable
23   for the alleged actions of its deputies or other agents unless "the action that is
24   alleged to be unconstitutional implements or executes a policy statement,
25   ordinance, regulation, or decision officially adopted or promulgated by that
26   body's officers," or if the alleged constitutional deprivation was "visited
27   pursuant to a governmental 'custom' even though such a custom has not
28   received formal approval through the body's official decisionmaking

4

1   channels." Monell, 436 U.S. at 690-91; accord Redman v. Cnty. of San Diego,

2   942 F.2d 1435, 1443-44 (9th Cir. 1991).

3          Here, Plaintiff has failed to identify any policy statements or regulations

4   of the County or DCFS, or any officially adopted or promulgated decisions,

5   the execution of which by County agents or employees allegedly inflicted the

6   injuries about which he is complaining. Moreover, Plaintiff has failed to allege

7   sufficient facts to demonstrate that either the County or DCFS has a

8   governmental custom of removing children from the custody of their parents

9   without good cause. Plaintiff's pleading obligation "requires more than labels

10  and conclusions, and a formulaic recitation of the elements of a cause of action

11  will not do." Twombly, 550 U.S. at 555. Plaintiff does not specifically allege

12  that any specific action taken by the County or DCFS was the result of any

13  "deliberate policy, custom, or practice" promulgated by the County or DCFS

14  See, e.g., Rimac v. Duncan, 319 F. App'x 535, 537-38 (9th Cir. 2009) (finding

15  that dismissal of plaintiff's Monell claims was proper where plaintiff did not

16  adequately plead that his injuries resulted from a municipal custom or policy);

17  Galen v. Cnty. of L.A., 477 F.3d 652, 667 (9th Cir. 2007) (noting that, to

18  succeed on a Monell claim, a plaintiff must establish that the entity "had a

19  deliberate policy, custom, or practice that was the moving force behind the

20  alleged constitutional violation he suffered" (internal quotation marks

21  omitted)).

22         The Court therefore concludes that Plaintiff has failed to allege sufficient

23  facts for the Court to "draw the reasonable inference" that the County or

24  DCFS has a governmental custom of engaging in the kind of unconstitutional

25  conduct that Plaintiff is alleging occurred here. See, e.g., Trevino v. Gates, 99

26  F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be

27  predicated on isolated or sporadic incidents; it must be founded upon practices

28  of sufficient duration, frequency and consistency that the conduct has become

1   a traditional method of carrying out policy."); Thompson v. Los Angeles, 885

2   F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly

3   understood meaning of custom, proof of random acts or isolated events are

4   insufficient to establish custom."), overruled on other grounds, Bull v. City &

5   Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Accordingly, the

6   complaint fails to state a claim against the County and DCFS.

7   **C.     Eleventh Amendment Immunity**

8        The Los Angeles County Superior Court has absolute Eleventh

9   Amendment immunity from suit. See Simmons v. Sacramento County

10  Superior Court, 318 F.3d 1156, 1160-61 (9th Cir. 2003). Plaintiff's claims

11  against the Los Angeles County Superior Court are accordingly subject to

12  dismissal.

13  **D.     Witness Immunity**

14       To the extent that Plaintiff's claims against one or more of the individual

15  Defendants are based on affidavits to the juvenile dependency court or court

16  testimony, such claims are barred by the doctrine of witness immunity. See

17  Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983); Burns v. County of King, 883

18  F.2d 819, 822 (9th Cir. 1989) (holding that witnesses are entitled to absolute

19  immunity for statements made in an affidavit to a court). This doctrine applies

20  even to the extent that Plaintiff alleges that Defendants conspired to provide

21  perjured testimony. Franklin v. Terr, 201 F.3d 1098, 1101-02 (9th Cir. 2000)

22  (holding that the absolute witness immunity doctrine also applies to conspiracy

23  to provide perjured testimony). Thus, to the extent Plaintiff's claims against

24  any of the individual Defendants are based on their testimony in the juvenile

25  dependency court, they are subject to dismissal.

26  **E.     Supervisory Liability**

27       Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on

28  any theory of respondeat superior or vicarious liability in the absence of a state

1    law imposing such liability. <u>See, e.g.</u>, <u>Redman v. Cnty. of San Diego</u>, 942 F.2d

2    1435, 1446 (9th Cir. 1991). In <u>Iqbal</u>, 556 U.S. at 676, the Supreme Court

3    reaffirmed that "[g]overnment officials may not be held liable for the

4    unconstitutional conduct of their subordinates under a theory of respondeat

5    superior liability." However, the Ninth Circuit has concluded that, at least in

6    cases where the applicable standard is deliberate indifference (such as for an

7    Eighth Amendment claim), <u>Iqbal</u> does not foreclose a plaintiff from stating a

8    claim for supervisory liability based upon the "supervisor's knowledge of and

9    acquiescence in unconstitutional conduct by his or her subordinates." <u>Starr v.</u>

10    <u>Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

11           A defendant may be held liable as a supervisor under § 1983

12        'if there exists either (1) his or her personal involvement in the

13        constitutional deprivation, or (2) a sufficient causal connection

14        between the supervisor's wrongful conduct and the constitutional

15        violation.' '[A] plaintiff must show the supervisor breached a duty

16        to plaintiff which was the proximate cause of the injury. The law

17        clearly allows actions against supervisors under section 1983 as

18        long as a sufficient causal connection is present and the plaintiff

19        was deprived under color of law of a federally secured right.'

20           'The requisite causal connection can be established . . . by

21        setting in motion a series of acts by others,' or by 'knowingly

22        refus[ing] to terminate a series of acts by others, which [the

23        supervisor] knew or reasonably should have known would cause

24        others to inflict a constitutional injury.' 'A supervisor can be liable

25        in his individual capacity for his own culpable action or inaction in

26        the training, supervision, or control of his subordinates; for his

27        acquiescence in the constitutional deprivation; or for conduct that

28        showed a reckless or callous indifference to the rights of others.'

1   Id. at 1207-08 (internal citations omitted, alterations in original). In addition,

2   to premise a supervisor's alleged liability on a policy promulgated by the

3   supervisor, plaintiff must identify a specific policy and establish a "direct

4   causal link" between that policy and the alleged constitutional deprivation.

5   See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce,

6   954 F.2d 1470, 1474 (9th Cir. 1992).

7          Here, Plaintiff names Browning as a Defendant but fails to set forth any

8   specific allegations that he personally participated in the underlying alleged

9   violations of Plaintiff's constitutional rights. Nor does Plaintiff set forth any

10  factual allegations that Browning either personally promulgated any policy that

11  had a direct causal connection with the constitutional injuries of which

12  Plaintiff complains or knowingly acquiesced to the other Defendants' alleged

13  conduct. Plaintiff's claim against Browning accordingly fails to state a claim

14  and is subject to dismissal.

15                              **********

16         Although the Court is dubious that the Complaint's deficiencies can be

17  overcome, the Court will afford Plaintiff the opportunity to attempt to do so.

18  The Complaint therefore is dismissed with leave to amend. If Plaintiff still

19  desires to pursue his claims against Defendants, he shall file a First Amended

20  Complaint within twenty-eight (28) days of the date of this Order. Plaintiff's

21  First Amended Complaint should bear the docket number assigned in this

22  case; be labeled "First Amended Complaint"; and be complete in and of itself

23  without reference to the original Complaint or any other pleading, attachment

24  or document. The Clerk is directed to send Plaintiff a blank Central District

25  civil rights complaint form, which Plaintiff is encouraged to utilize.

26  ///

27  ///

28  ///

1    **Plaintiff is admonished that, if he fails to timely file a First Amended**
2    **Complaint, the Court will recommend that this action be dismissed with**
3    **prejudice for failure to diligently prosecute.**

4

5    Dated:   July 28, 2014

6

7

8    DOUGLAS F. McCORMICK
9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9